UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EEG, INC.,

                              Plaintiff,

       vs.                                          Civil No. 14-CV-03248

EMPIRE EDUCATION CORPORATION,

                              Defendant.

---

## EMPIRE EDUCATION CORPORATION'S ANSWER TO COMPLAINT

Defendant Empire Education Corporation ("EEC") hereby responds to the Complaint of Plaintiff EEG, Inc. ("EEG") as follows:

1. EEC states that the allegations in paragraph 1 are legal conclusions to which no response is required.

2. EEC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. EEC admits the allegations in paragraph 3.

4. EEC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5. EEC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6. EEC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. EEC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. EEC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9. EEC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10. EEC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11. EEC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12. EEC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13. EEC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. EEC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. EEC denies the allegations in paragraph 15.

16. EEC denies the allegations in paragraph 16.

17. EEC denies the allegations in paragraph 17.

18. EEC denies the allegations in paragraph 18.

19. EEC denies the allegations in paragraph 19.

20. EEC denies the allegations in paragraph 20.

21. EEC denies the allegations in paragraph 21.

22. With respect to the allegations in paragraph 22, EEC admits that, prior to the filing of its Complaint, EEG sent letters to EEC and EEC's counsel claiming rights in certain

trademarks, states that those letters speak for themselves, and denies the remaining allegations in that paragraph.

23. With respect to the allegations in paragraph 23, EEC admits that, as part of confidential settlement discussions, it agreed to limit certain uses of its corporate name without admitting any liability, that EEG has improperly disclosed those communications in a pleading, and denies the remaining allegations in that paragraph.

24. EEC denies the allegations in paragraph 24, and states that EEG has willfully misrepresented the party's prior communications.

25. EEC denies the allegations in paragraph 25.

26. EEC denies the allegations in paragraph 26.

27. EEC denies the allegations in paragraph 27.

28. EEC denies the allegations in paragraph 28.

29. EEC denies the allegations in paragraph 29.

30. EEC repeats its responses to each of the allegations incorporated by reference in paragraph 30 of the Complaint.

31. EEC denies the allegations in paragraph 31.

32. EEC denies the allegations in paragraph 32.

33. EEC denies the allegations in paragraph 33.

34. EEC repeats its responses to the allegations incorporated by reference in paragraph 34 of the Complaint.

35. EEC repeats its responses to the allegations incorporated by reference in paragraph 35 of the Complaint.

36. EEC denies the allegations in paragraph 36.

37. EEC denies the allegations in paragraph 37.

38. EEC denies the allegations in paragraph 38.

39. EEC denies the allegations in paragraph 39.

40. EEC repeats its responses to the allegations incorporated by reference in paragraph 40 of the Complaint.

41. EEC denies the allegations in paragraph 41.

42. EEC denies the allegations in paragraph 42.

43. EEC repeats its responses to the allegations incorporated by reference in paragraph 43 of the Complaint.

44. EEC denies the allegations in paragraph 44.

45. EEC denies the allegations in paragraph 45.

46. EEC denies the allegations in paragraph 46.

47. EEC denies the allegations in paragraph 47.

48. EEC repeats its responses to the allegations incorporated by reference in paragraph 48 of the Complaint.

49. EEC denies the allegations in paragraph 49.

50. EEC denies the allegations in paragraph 50.

51. EEC denies the allegations in paragraph 51.

52. EEC repeats its responses to the allegations incorporated by reference in paragraph 52 of the Complaint.

53. EEC denies the allegations in paragraph 53.

54. EEC denies the allegations in paragraph 54.

55. EEC denies the allegations in paragraph 55.

56. EEC denies all requests for relief set forth in the wherefore clause of the Complaint, denies all allegations set forth in the preamble of the Complaint, and denies each and every allegation not expressly addressed in the preceding paragraphs of this Answer.

## DEFENSES

### First Defense
### (Failure to Plead: No Likelihood of Confusion)

57. EEG has failed to plead, and cannot prove, any likelihood of confusion sufficient to sustain the claims set forth in the Complaint.

### Second Defense
### (Venue)

58. The Court should transfer this case to U.S. District Court for the Northern District of New York pursuant 28 U.S.C. Section 1404 because this action lacks any meaningful contacts to the Southern District of New York.

### Third Defense
### (Preclusion)

59. New York State law, particularly General Business Law Section 130, precludes EEG's demand for a corporate name change.

### Fourth Defense
### (Laches)

60. EEG's request for equitable relief is barred, in whole or in part, by the doctrine of laches, as EEG unreasonably delayed in pursuing its claims.

### Fifth Defense
### (Statute of Limitations)

61. EEG's claims are barred to the extent that EEG seeks damages beyond the applicable statutes of limitations.

## Sixth Defense
### (No Infringing Activity)

62. EEC has not sold or marketed goods or services under EEG's alleged trademarks, or under any confusingly similar trademarks, and EEC has used the trade name "Mildred Elley" for many years.

## JURY DEMAND

63. EEC demands trial by jury on all claims and defenses triable by jury.

**WHEREFORE,** EEC demands judgment as follows:

1. an order dismissing the Complaint in its entirety with prejudice;

2. an order awarding EEC its reasonable attorneys' fees incurred in defending this action; and

3. any other relief that this Court deems just and proper.

Dated: July 24, 2014

        **HODGSON RUSS LLP**
        *Attorneys for Defendant Empire Education Corporation*

        By:    s/Kevin M. Kearney
              Kevin M. Kearney, Esq.
        140 Pearl Street Suite 100
        Buffalo, New York 14202-4040
        Telephone: (716) 856-4000
        Facsimile:  (716) 849-0349
        KKearney@hodgsonruss.com

000161.00857 Litigation 12099918v1